**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-60863
Summary Calendar

JIAN YONG REN

                                        Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

                                        Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 044 819

---

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jian Yong Ren petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Ren challenges the determination that he was not eligible for asylum. He has failed to brief and thus has abandoned any challenge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the denial of withholding of removal or relief under the CAT. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the decision of the BIA and consider the decision of the IJ only to the extent that it impacts the BIA's decision. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). Ren asserts that the BIA and IJ erred in denying his asylum application on the "'corroboration ground.'" Because the BIA did not adopt them, we will not review the IJ's credibility or corroboration determinations. *Cf. Chun v. I.N.S.*, 40 F.3d 76, 78 (5th Cir. 1994) (concluding that this court could review the credibility findings of the IJ specifically adopted by the BIA).

An alien seeking asylum has the burden of proving that he is unable or unwilling to return to his country because he suffered past persecution or has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1101(a)(42)(A); *see* 8 C.F.R. § 1208.13(b). Under the Real ID Act, applicable to asylum applications such as Ren's filed on or after the May 11, 2005, effective date, the alien has the burden of proving that at least one of the statutorily protected grounds "was or will be one central reason" for persecuting him. 8 U.S.C. § 1158(b)(1)(B)(i). We will uphold the factual finding that an alien is not eligible for asylum unless the alien meets his burden of showing that the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *see* 8 U.S.C. § 1252(b)(4)(B).

The BIA agreed with the IJ that Ren failed to meet the "at least one central reason" requirement. The BIA found that the two protests in which Ren was involved supported an inference that the authorities sought to prosecute Ren for his involvement in illegal activity during the second protest, not for his political opinion. Ren's assertion that China does not allow any gatherings for political protest is belied by his own experience during the first protest. He has not pointed to any evidence in the record that compels the conclusion that his

political opinion (or any other protected ground), rather than his actions during the second protest, was at least one central reason for the government beating him during that protest and later seeking to arrest him. Ren has not met his burden of showing that the evidence compels a contrary conclusion. *See Chen*, 470 F.3d at 1134.

Ren asserts that by failing to consider his evidence of the police summons that showed that the police were after him, the BIA's decision was contrary to *Matter of Dass*, 20 I. & N. Dec. 120 (BIA 1989), and *Matter of S-M-J-*, 21 I & N Dec. 722 (BIA 1997). Ren has not shown how the IJ's or BIA's failure to mention or consider this evidence was contrary to these cases. To the extent the BIA credited Ren's testimony, the BIA implicitly determined that evidence corroborating his testimony was unnecessary. *See* § 1158(b)(1)(B)(ii). Ren has not shown that the BIA erred by failing to consider his corroborating evidence.

He also asserts that the denial of his asylum was a violation of *Matter of Mogharrabi*, 19 I. & N. Dec. 439, 446 (BIA 1987). Although he recites the *Mogharrabi* four-prong test for establishing a well-founded fear of persecution, Ren makes no argument that he met this test or that the BIA or IJ erred in applying this test. Moreover, the BIA did not deny Ren's asylum claim because he failed to establish a well-founded fear of persecution. The BIA denied the asylum application because Ren failed to establish that a protected ground was or will be one central reason for persecuting him, as required by § 1158(b)(1)(B)(i).

Ren's petition for review is DENIED.